Filed 9/15/22  P. v. Lamar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHYRL IRENE LAMAR,<br><br>Defendant and Appellant. | C091243<br><br>(Super. Ct. No. 80035) |

Defendant Shyrl Irene Lamar was convicted of murder and several other offenses based on her participation in a burglary.  She petitioned the trial court for resentencing under Penal Code[1] former section 1170.95[2] based on changes made to the felony-murder

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no change in the text.  (Stats. 2022, ch. 58, § 10).  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion.  The Legislature further amended section 1170.95 effective January 1, 2022, under Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551). This amendment to former section 1170.95 has no impact on the issues raised by this appeal.

rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437). The trial court denied defendant's petition, reasoning she was ineligible for resentencing because the jury found true two felony-murder special-circumstance enhancement allegations.

On appeal, while not challenging the special-circumstance findings directly, defendant nevertheless argues the trial court erred in denying her petition because "the finding of intent to kill, which was part of the special circumstance finding, does not act to bar resentencing for murder." She adds, however, that if the murder conviction is vacated, the special-circumstance findings would also need to be vacated. Concluding there was no error, we will affirm the trial court's order.

BACKGROUND

A detailed recitation of the underlying facts is set forth in our prior opinion in this case. (*People v. Scott* (Feb. 16, 1994, C010153 & C010317) [nonpub. opn.] (*Scott*).) To summarize, in 1986 the two victims purchased some used furniture from defendant and codefendant Lawrence Scott, Jr. Scott and defendant helped move the furniture to the victims' apartment, and the victims invited the two to stay for a drink. The victims loaned defendant and Scott $30 and allowed them to spend the night, since they had sold the victims their bed. While the victims were in bed, Scott stabbed them and robbed them of $60 and some jewelry. Meanwhile, defendant was in the kitchen eating a sandwich. During trial, Scott testified that the actual killer was the boyfriend of defendant's 17-year-old daughter.

Defendant and Scott were each convicted on two counts of murder (§ 187, subd. (a)), robbery (§ 211), and burglary (§ 459). In addition, the jury found true the following special circumstances: (1) murder during a robbery (§ 190.2, subd. (a)(17)(i)), (2) murder during a burglary (§ 190.2, subd. (a)(17)(vii)), and (3) multiple murders (§ 190.2, subd. (a)(3)). The jury also found true that Scott personally used a deadly weapon. Scott and defendant were each sentenced to life without the possibility of parole. (*Scott, supra*, C010153 & C010317.)

2

In her original appeal, defendant challenged the special-circumstance findings because the jury was not properly instructed that an aider and abettor must possess an intent to kill. At the time, however, because there was evidence defendant aided and abetted a killing, the jury could not make a felony murder or multiple murder special-circumstance finding unless it found that defendant acted with the intent to kill. (*Scott, supra*, C010153 & C010317, citing *People v. Anderson* (1987) 43 Cal.3d 1104, 1139, 1147.) The jury was instructed on the special-circumstance allegations pursuant to CALJIC No. 8.80, as follows: "If you find beyond a reasonable doubt that the defendant was -- defendant was either the actual killer or aider and abettor, then you must also find beyond a reasonable doubt that the defendant intended either to kill a human being or to aid another in the killing of a human being in order to find the special circumstances to be true." Defendant argued the jury could have interpreted the "to aid another in the killing" language to mean that it could find she did an intentional act to help Scott kill the victims without finding she had an intent to kill. But this court disagreed, concluding that the instructions, "when considered in their entirety, properly informed the jurors an intent to kill was a necessary element of the two felony murder special circumstances." This court affirmed the judgments. (*Scott, supra*, C010153 & C010317.)

In August 2019, defendant filed a petition for recall and resentencing under section 1170.95. The petition said defendant was convicted of aiding and abetting the first degree murder, robbery, and burglary, that a complaint, information, or indictment had been filed against her that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that she was convicted of first degree or second degree murder, that she had been charged as an aider or abettor, and that she could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. Defendant said even though Scott was armed at the time of the killing, she had no real basis to believe the victims would be

3

killed. She claimed there was no evidence she had directly aided and abetted the murders, and therefore the only basis for her conviction was felony murder.

The petition acknowledged that the jury had found the special-circumstance allegations to be true, but defendant asserted the evidence was insufficient to support the findings. Defendant attached a copy of this court's prior opinion and the abstract of judgment.

The trial court dismissed the petition during a December 2019 hearing, finding that defendant had failed to establish a prima facie case.

DISCUSSION

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a

4

major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95, which allows those convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime to petition the trial court to vacate and resentence the defendant. (§ 1170.95, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

The prima facie inquiry under section 1170.95 subdivision (c) is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.) Still, if the record, including the court's own documents and a prior appellate court opinion, " ' "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.)

As previously noted, at the time of defendant's crimes, a felony-murder special circumstance could only apply if defendant was either the actual killer or intended to kill. (*People v. Anderson, supra*, 43 Cal.3d at pp. 1139, 1147.) In 1990, subsequent to the crimes at issue here, the voters adopted Proposition 115, modifying aider-and-abettor liability under the felony-murder special circumstance to provide that "a person other than the actual killer is subject to the death penalty or life without parole if that person was a major participant in the underlying felony . . . and either intended to kill or acted with reckless indifference to human life." (*People v. Cleveland* (2004) 32 Cal.4th 704, 752, italics omitted; § 190.2, subds. (c) & (d).) In other words, after the 1990 changes, a defendant "could be found guilty of the crime of murder, without any showing of

'an intent to kill, or even implied malice, but merely an intent to commit the underlying felony.' (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654." (*People v. Strong* (2022) 13 Cal.5th 698, 704.) The California Supreme Court subsequently explained the factors a jury must consider when determining whether a defendant was a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Banks* (2015) 61 Cal.4th 788; *People v. Clark* (2016) 63 Cal.4th 522.) Where a jury found a felony-murder special circumstance to be true *after* the 1990 changes but *before* the guidance issued in *Banks* and *Clark*, a petitioner is not precluded from making a prima facie showing of eligibility for relief under section 1170.95. (*Strong,* at pp. 703-704.)

Unlike in *Strong*, here the jury's felony-murder special-circumstance finding was made prior to the 1990 changes and satisfied the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).) In an apparent acknowledgement that her case is different from *Strong*, defendant does not argue that the special-circumstance findings were incorrect or insufficient for purposes of section 1170.95 after *Banks* and *Clark*. She also acknowledges that as part of the findings, the jury found that she had the intent to kill. Nevertheless, she claims the trial court erred in denying her petition because collateral estoppel does not bar section 1170.95 postjudgment relief, section 1170.95 does not say a petitioner is ineligible for relief if there is a special-circumstance finding, section 1170.95 permits defendants to revisit prior murder judgments, and whether she actually intended to kill the victims was never litigated.

It is now established, however, that a trial court may consider its own record and prior appellate court decisions, including jury instructions and the jury's verdicts, in determining whether a defendant has failed to establish a prima facie case because she is ineligible for relief as a matter of law. (*Lewis, supra*, 11 Cal.5th at pp. 971-972.) Defendant does not demonstrate error in the trial court's reliance on the jury's special-circumstances findings. With respect to the felony-murder special-circumstance allegations, the jury was instructed with CALJIC No. 8.80, which required it to find

6

beyond a reasonable doubt that, in the commission of the robbery or burglary, defendant was either the actual killer or an aider and abettor who acted with the intent to kill. (*Scott, supra*, C010153 & C010317 ["the instructions, when considered in their entirety, properly informed the jurors an intent to kill was a necessary element of the two felony murder special circumstances"].) Because defendant could still be convicted of murder under the changes to the felony-murder rule, she is ineligible for relief as a matter of law. (§§ 189, subd. (e), 1170.95, subd. (a)(3).)

## DISPOSITION

The order denying defendant's petition is affirmed.

_____/S/_____
MAURO, Acting P. J.

We concur:

\_\_\_\_\_/S/_____
DUARTE, J.

\_\_\_\_\_/S/_____
EARL, J.

7